# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| THOMAS ADAMS | NO.: 16-00081-BAJ-RLB |

### RULING AND ORDER

Defendant Thomas Adams filed a **Motion to Terminate Supervision** (Doc. 21), seeking to end his period of supervision early because he has complied with the conditions of his pretrial diversion agreement. On July 13, 2016, Defendant was indicted for possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). (Doc. 1). He then entered a pretrial diversion agreement with the United States Attorney's Office for the Middle District of Louisiana on October 31, 2016. (Doc. 20). The Defendant, among other things, agreed to eighteen months of supervision by the Unites States Probation Office and not to commit any other crimes. *Id.* at 7, 10. For its part, the Government agreed to defer prosecuting the Defendant for eighteen months and to dismiss the charges against him if he complied with the conditions of the agreement. *Id.* at 2-3.

Defendant asks the Court to terminate his period of supervision about four months early because he has complied with all of the conditions of the pretrial diversion agreement. (Doc. 21). Defendant provides no authority to support his request, and the Government indicated that it has no position on the Defendant's

1

motion. *Id*. The Court, however, does not have the power to terminate Defendant's supervision early. Although the Court is not aware of any cases discussing whether a Court may terminate a period a supervision early in a pretrial diversion agreement, the United States Court of Appeals for the Fifth Circuit has held that a pretrial diversion agreement is a contract. *See United States v. Hicks*, 693 F.2d 32, 33 (5th Cir. 1982); *see also United States v. Harris*, 376 F.3d 1282, 1287 (11th Cir. 2004). The Court's role is to ensure that both sides live up to their side of the bargain. *Hicks*, 693 F.2d at 33. And here, the pretrial diversion agreement is a contract between the Defendant and the United States, and the Court is not a party to the agreement. (Doc. 20 at p. 1).

Defendant's pretrial diversion agreement provides that the "period of supervision shall end eighteen (18) months after the Court's signed approval of this agreement." (Doc. 20 at p. 7). The agreement does not suggest that the Court may terminate the Defendant's supervision early. (*See* Doc. 20). Because the Court must construe the agreement as a contract and the Court is not a party to the contract, the Court does not have the authority to terminate Defendant's supervision early.

Courts have a limited role to play in adjudicating pretrial diversion agreements. Courts may decide disputes about whether a party has breached a pretrial diversion agreement. *See United States v. Cathey*, 619 F. App'x 207, 209 (4th Cir. 2015); *Harris*, 376 F.3d at 1288. And Courts may also ensure that a Defendant enters into a pretrial diversion agreement knowingly and voluntarily. *See Hicks*, 693 F.2d at 33. But Courts may not engage in judicial review of pretrial diversion

agreements by deciding who may be placed in pretrial diversion programs, *United States v. Richardson*, 856 F.2d 644, 647 (4th Cir. 1988), or curbing the Government's decision to permit a party to participate in pretrial diversion. *See United States v. Fokker Servs. B.V.*, 818 F.3d 733, 747 (D.C. Cir. 2016).

Neither the Government nor the Defendant suggests that either party has breached the pretrial diversion agreement or that the Defendant did not knowingly and voluntarily enter into the agreement. While the United States could agree to terminate Defendant's pretrial supervision early and dismiss the indictment before the full eighteen month pretrial diversion agreement expires, that is a decision for the United States alone.

Accordingly,

The **Motion to Terminate Supervision (Doc. 21)** is **DENIED**.

Baton Rouge, Louisiana, this 22nd day of December, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**